**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

|                                                        |     |                                    |
|--------------------------------------------------------|-----|------------------------------------|
|                                                        | *   |                                    |
| TRUSTEES OF THE NATIONAL ELECTRIC BENEFIT FUND,        | *   |                                    |
|                                                        |     |                                    |
| Plaintiff                                              | *   |                                    |
|                                                        |     |                                    |
| v.                                                     | *   | Civil Case No. 8:25-cv-03557-TDC   |
|                                                        |     |                                    |
| ARTEL ELECTRICAL CONTRACTORS, INC.,                    | *   |                                    |
|                                                        | *   |                                    |
| Defendant.                                             |     |                                    |
|                                                        | *   |                                    |

**REPORT AND RECOMMENDATION**

This is an action seeking payment of delinquent contributions owed to a multiemployer pension plan under the Employee Retirement Income Security Act ("ERISA"). Pending before the court is Plaintiff Trustees of the National Electric Benefit Fund's ("NEBF") Motion for Default Judgment. ECF No. 13. For the reasons discussed below, I recommend that the Motion be granted.

**BACKGROUND**

According to Plaintiff's Complaint, NEBF is a Maryland-based multiemployer pension benefit plan. ECF No. 1, at 2. Employers, like Defendant Artel Electrical Contractors, Inc., agree to contribute to NEBF pursuant to collective bargaining agreements with the International Brotherhood of Electrical Workers ("IBEW") or one of its affiliated local unions. *Id.* According to the Complaint, Defendant was contractually and legally obligated to submit contributions to NEBF as a signatory to a collective bargaining agreement with IBEW. *Id.* at 2-3. Defendant became a signatory to the bargaining agreement by signing a Letter of Assent, under which Defendant agreed to contribute to NEBF three percent of gross labor payroll paid to or accrued by

1

Defendant's union-represented employees.  ECF No. 13-4, at 2.  According to Plaintiff, Defendant failed to contribute $61,493.57 to NEBF for work performed from January 2022 through December 2024.  ECF No. 1, at 3.

On October 29, 2025, Plaintiff brought an action seeking payment of Defendant's unpaid delinquent contributions, interest, liquidated damages as permitted by the bargaining agreement, and all reasonable attorneys' fees and costs of suit.  *Id.* at 4-5.  On October 30, 2025, a summons was issued as to Defendant.  ECF No. 3.  On December 3, 2025, Plaintiff returned the summons as executed on Defendant.  ECF No. 8.  According to Plaintiff's process server, he served Defendant's owner on November 18, 2025.  ECF No. 8, at 1.  Defendant's response to Plaintiff's Complaint was due to be filed on or before December 9, 2025.  *Id.*  Defendant has failed to make an appearance, answer the Complaint, or otherwise take any action in this case.

On December 19, 2025, Plaintiff moved for a Clerk's Entry of Default against Defendant, ECF No. 9, and the Clerk entered an Order of Default against Defendant.  ECF No. 10.  The Clerk's Office issued a Notice of Default to Defendant on December 19, 2025.  ECF No. 11.  On January 30, 2026, this Court ordered that Plaintiff move for default judgment or explain why such a motion would be inappropriate.  ECF No. 12.  On February 13, 2026, Plaintiff moved for default judgment against Defendant in the amount of $95,919.02.  ECF No. 13, at 2.  In support, Plaintiff attached the affidavit of Darrin Golden, NEBF's Executive Secretary and Treasurer, which details the amount Defendant owes to NEBF.  ECF No. 13-4.  Plaintiff also attached the affidavit of Peter Tkach, Plaintiff's counsel, in support of Plaintiff's request for reasonable attorneys' fees and costs. ECF No. 13-1.

On February 17, 2026, the case was assigned to my Chambers for the limited purpose of a Report and Recommendation on the pending Request for Entry of Default Judgment. ECF No. 14.

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 55(b) governs the entry of default judgments, which may be entered by the Clerk of the Court "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," and the defendant is in default for failing to appear. Fed. R. Civ. P. 55(b)(1). The entry of default judgment is a matter within the discretion of the Court. *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)). Although "the Fourth Circuit has a 'strong policy that cases be decided on the merits,'" *Disney Enters., Inc. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006) (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment is available when the 'adversary process has been halted because of an essentially unresponsive party.'" *Id.* (quoting *Lawbaugh*, 359 F. Supp. 2d at 421). Default judgment is proper when a defendant is unresponsive. *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896-97 (4th Cir. 1987) (upholding a default judgment awarded where the defendant lost its summons and did not respond within the proper period); *Disney Enters., Inc.*, 446 F. Supp. 2d at 405-06 (finding appropriate the entry of default judgment where the defendant had been properly served with the complaint and did not respond, despite repeated attempts to contact him).

When considering a motion for default judgment, the Court takes as true all well-pled factual allegations in the complaint, other than those pertaining to damages. Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."); *see also Ryan v. Homecomings Fin.*

*Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (citation and internal quotation marks omitted)).

In the Fourth Circuit, district courts analyzing requests for default judgment have applied the standards articulated by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), to determine whether allegations within the complaint are "well-pleaded." *See, e.g., Russell v. Railey*, No. DKC 08-2468, 2012 WL 1190972, at *2-3 (D. Md. Apr. 9, 2012); *United States v. Nazarian*, No. DKC 10-2962, 2011 WL 5149832, at *2-3 (D. Md. Oct. 27, 2011); *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544-45 (D. Md. 2011). Where a complaint offers only "labels and conclusions" or "naked assertion[s] devoid of further factual enhancement," the allegations therein are not well-pled and, consistent with the Court's discretion to grant default judgment, relief based on those allegations should be denied. *Balt. Line Handling Co.*, 771 F. Supp. 2d at 544-45 (internal quotation marks omitted) ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.").

## ANALYSIS

### I.    Jurisdiction and Venue

This court has jurisdiction over Plaintiff's claim pursuant to section 502(e) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(e). 29 U.S.C. § 1132(e)(1) provides that "[e]xcept for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, [or] fiduciary . . . ." Plaintiff's action arises under

Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), 1145.  Plaintiff is a fiduciary of

NEBF.  ECF No. 1, at 1.  Therefore, all jurisdictional requirements of ERISA are met.

Additionally, venue is proper in this judicial district because NEBF is administered in

Rockville, Maryland, which is located in this district.  *Id.* at 2; *see* 29 U.S.C. § 1132(e)(2) (stating

that venue is proper "in the district where the plan is administered, where the breach took place,

or where a defendant resides or may be found . . . .").

## II.        Employee Retirement Income Security Act Claim

Section 515 of ERISA provides that:

> Every employer who is obligated to make contributions to a
> multiemployer plan under the terms of the plan or under the terms
> of a collectively bargained agreement shall, to the extent not
> inconsistent with law, make such contributions in accordance with
> the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.  Employers who fail to make such contributions are liable in a civil action for

unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable

attorneys' fees and legal costs, and any other relief the Court deems appropriate.  29 U.S.C.

§ 1132(a), (g).  To establish ERISA liability, Plaintiff must show that Defendant was obligated to

make contributions to NEBF under the terms of a collective bargaining agreement and that

Defendant failed to make such contributions.

Plaintiff has sufficiently established the above elements.  NEBF is a multiemployer plan

within the meaning of ERISA.  ECF No. 13-4, at 1.  Defendant is an employer that has agreed to

contribute to NEBF by assenting to a collective bargaining agreement with a labor union.  ECF

No. 13-5.  The collective bargaining agreement to which Defendant assented requires that

employers contribute to NEBF "an amount equal to 3% of the gross monthly labor payroll paid to,

or accrued by, the employees in this bargaining unit[.]"  ECF No. 13-6, at 4.  Plaintiff has provided

NEBF's delinquency report, which states that Defendant failed to pay NEBF $61,493.57 that it owed under the collective bargaining agreement. ECF No. 13-8, at 2. Therefore, ERISA's elements are met, and Plaintiff has established liability.

### III.    Damages

If the complaint alleges facts sufficient for the Court to find liability, then the Court turns to damages. *Walsh v. Yost*, No. 8:20-cv-00449-PX, 2022 WL 9362277, at *2 (D. Md. Oct. 14, 2022). Damages are limited to what is requested in the complaint. *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). The damages request must be supported by evidence introduced either at a hearing, by affidavit, or by other records. *See id.*; *see also Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794-95 (D. Md. 2010). Plaintiffs may recover: (1) delinquent contributions; (2) any interest on the delinquent contributions; (3) liquidated damages in "an amount equal to the greater of . . . (i) interest on the [delinquent] contributions, or . . . (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent" of the delinquent contributions; (4) reasonable attorneys' fees and costs; and (5) "such other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2). "[W]hile the Court may hold a hearing to prove damages, it is not required to do so. It may instead rely on 'detailed affidavits or documentary evidence to determine the appropriate sum.'" *Trs. of Nat'l Elec. Benefit Fund v. All Nu Elec. Contracting Corp.*, No. GJH-22-0544, 2023 WL 1416553, at *2 (D. Md. Jan. 31, 2023) (citing *Adkins v. Tesco*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001)).

The supporting documentation establishes the amount due. Plaintiff's affidavit and delinquency report establishes that Defendant owed NEBF $61,493.57. ECF No. 13-4, at 3; ECF No. 13-8, at 2. The collective bargaining agreement to which Defendant assented specifies that

NEBF may collect interest on delinquent contributions at a rate of ten percent (10%) per annum, liquidated damages in the amount of twenty percent (20%) of the delinquent contributions, and expenses incurred in enforcing the provisions of the agreement.  ECF No. 13-7, at 7.  ERISA's enforcement provision permits the recovery of such costs.  *See* 29 U.S.C. § 1132(g)(2).  As Plaintiff correctly calculated, a ten percent (10%) per annum interest rate between January 2022 and the filing of the Motion for Default Judgment amounts to $20,021.74 in interest.  ECF No. 13-8. Additionally, liquidated damages of twenty percent of Defendant's delinquent contributions equal $12,298.71.  *Id.*  Therefore, Defendant presently owes NEBF a total of $93,814.02.  Further, Plaintiff has provided documentation demonstrating that it has spent an additional $2,105 in attorneys' fees and legal costs pursuing this action.  ECF No. 13-1, at 3.  Each of these demands shall be awarded.

**CONCLUSION**

For the aforementioned reasons, it is recommended that Plaintiff's Motion for Default Judgment be granted in the amount of $95,919.02.

Objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).

Date: April 20, 2026                                            /s/
                                                      Ajmel A. Quereshi
                                                      U.S. Magistrate Judge